**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4444
_____

GERALD BUSH,
                                        Appellant

v.

DEPARTMENT OF HUMAN SERVICES;
CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-02612)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2012
Before:  RENDELL, FUENTES AND WEIS, Circuit Judges

(Opinion filed: June 12, 2012)
_____

OPINION
_____

PER CURIAM.

        Gerald Bush, proceeding pro se, appeals from the District Court's orders

dismissing his civil rights action and denying his requests for appointment of counsel.

For the reasons that follow, we will affirm in part, vacate in part, and remand to the

District Court for further proceedings.

I.    Background

In April 2011, Bush commenced a civil rights action on behalf of himself, his minor daughter, Amirah, and his granddaughter, against the Department of Human Services ("DHS"), Supervisor of DHS, Social Worker Benten, the City of Philadelphia, and Saint Vincent's shelter. In the complaint, Bush alleged that in February 2011, Benten removed Amirah and her daughter from his care after threatening him and Amirah to agree to a safety plan. Bush stated that Amirah and her daughter were eventually placed at Saint Vincent's shelter, where Amirah's daughter suffered a skull injury. Bush also stated that he did not receive a post-deprivation hearing until six-weeks after his daughter and granddaughter were removed. Therefore, Bush claimed that defendants had violated his right to procedural due process under 42 Pa. Cons. Stat. § 6332 for failing to timely hold a post-deprivation hearing, and his and Amirah's right to substantive due process by improperly obtaining consent to a safety plan through duress and by failing to properly care for his granddaughter.

The District Court dismissed the complaint without prejudice and ordered the case closed, but gave Bush 30 days to retain an attorney for his daughter and granddaughter, and to file an amended complaint containing only his claims against defendants. The District Court subsequently granted Bush's motion for an extension of time to obtain counsel, and sua sponte extended the time period for Bush to file an amended complaint to June 16, 2011. Bush was unable to obtain counsel for Amirah, his granddaughter, or

2

himself, and filed a several requests for appointment of counsel, which the District Court denied.

In July 2011, Bush filed an amended complaint, in which he named only himself as plaintiff and only the City of Philadelphia and DHS as defendants. In his amended complaint and subsequent documents, Bush claimed that defendants retaliated against him for filing his initial April 2011 complaint by instigating an investigation concerning another daughter of his, Niara, and removing her from his care based on allegations of child abuse that were later determined to be unfounded. Bush also alleged that his right to procedural due process was violated when the Court of Common Pleas refused to grant his request for a continuance at Niara's dependency hearing. It also appears that Bush restated arguments concerning Amirah that he made in his initial complaint.

By orders entered December 7 and 13, 2011,[1] the District Court sua sponte entered final judgment against Bush,[2] noting that Bush's amended complaint was untimely filed since it had ordered that an amended complaint be filed by June 16, 2011. The District Court did not specify the authority it was relying on to enter final judgment against Bush. It appears that it exercised its authority under Fed. R. Civ. P. 41(b), and dismissed the

---

[1] The District Court filed identical orders.

[2] Defendants had yet to enter an appearance in District Court, and have not entered an appearance with this Court.

3

case for Bush's failure to comply with a court order.[3]  Bush timely appealed.

II.    Discussion

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review a District Court's dismissal for failure to comply with court orders, as well as a denial of a request for appointment of counsel, for abuse of discretion.  See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2003); Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993).

Under Fed. R. Civ. P. 41(b), a district court may dismiss an action sua sponte if a plaintiff fails to comply with a court order.  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  Before dismissing the action, the district court must first consider and balance the six factors under Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to

---

[3] In a footnote, the District Court also stated that "[i]n an effort to maintain consistency in the face of [Bush's] voluminous litigation, the Court has enforced its order and this action remains closed following [Bush's] untimely filing," citing several civil rights actions Bush previously filed.  The intention of this statement is unclear.  Review of the cases cited by the District Court shows that Bush filed a series of duplicative complaints claiming false arrest and/or malicious prosecution.  See E.D. Pa. Nos. 09-4798, 10-640, 10-1104.  As a result, in September 2010, the District Court enjoined Bush from filing claims under 42 U.S.C. § 1983 without leave of the Court.  E.D. Pa. No. 10-1104.  The injunction, which we upheld, also requires Bush to certify that the claims he wishes to present have never before been raised and disposed of on the merits by any federal courts.  Id.; C.A. No. 10-4282.  The District Court may have precluded Bush's amended complaint based on the injunction.  However, the District Court's actions are unclear, as the District Court was not explicit in its order and did not require the requisite certification when Bush filed his original complaint in this case.

4

the adversary caused by the failure to meet scheduling orders; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. See United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003). Because an order of dismissal is a harsh remedy that deprives a party of its day in court, we have stated that "a court should resort to [dismissal] only in extreme cases, as 'the policy of the law is to favor the hearing of a litigant's claim on the merits.'" Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994) (quoting Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974)); see Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 876 (3d Cir. 1994). However, in extraordinary cases, such as when a plaintiff acts contumaciously after the district court warns him that the case may be dismissed for noncompliance, a district court may dismiss a case without analyzing the Poulis factors. See, e.g., Spain, 26 F.3d at 455; Guyer v. Beard, 907 F.2d 1424, 1429-30.

Here, the District Court dismissed Bush's suit with prejudice without warning Bush of possible dismissal and without mentioning the Poulis factors.[4] Additionally, the record does not suggest that this in an extraordinary case in which Bush acted contumaciously. We therefore conclude that the District Court abused its discretion in

---

[4] We do not undertake the task of balancing the Poulis factors in the first instance, "as it would require factual findings not within the parameters of our review." Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989).

dismissing Bush's suit.

We also conclude that the District Court did not abuse its discretion in denying Bush's requests for appointment of counsel. Bush requested appointment of counsel at an early stage of the proceedings, when it was premature to determine whether Bush's claims had arguable merit or whether additional factors warranted appointing counsel. See Tabron, 6 F.3d at 155-56.[5]

For the reasons stated above, we will affirm in part, vacate in part and remand the case for further proceedings consistent with this opinion.[6]

---

[5] The District Court properly dismissed the claims Bush asserted on behalf of his minor daughter and granddaughter, as Bush may not act as "pro se counsel" for them. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (minors may not proceed pro se or be represented by non-attorney parent). It also did not abuse its discretion in denying Bush's request to appoint counsel for his daughter and granddaughter. See Tabron, 6 F.3d at 155-56.

[6] Bush's motions to file an amendment in support his brief are granted, and we have considered his amendments in reaching our decision. Bush's motions to enter default judgment, motion to appoint a special master, and motion to compel arbitration, for summary judgment, and for appointment of counsel for arbitration are denied. The document entitled "Violation of Federal Rule[] of Civil Procedure Rule 37[(b)](2)(A)(vi)(vii) [for] Sanctions . . . and Oral Argument [under] Fed. R. [App.] P. 34" appears to be a motion requesting oral argument and requesting that this Court sanction Appellees for not filing a brief. This motion is also denied.