**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4377
_____

GERALD BUSH,
Appellant

v.

DEPARTMENT OF HUMAN SERVICES; CITY OF PHILADELPHIA;
MAYOR MICHAEL NUTTER; COMMISSIONER ANNE MARIE AMBROSE;
PHILADELPHIA POLICE DEPARTMENT;
LEO CARROLL FIELDS, Child Advocate;
RONITTA BENTON, Social Worker for D.H.S.;
THOMAS J. FEERICK, Esquire; CRAIG B. SOKOLOW, Esquire;
SHARON JOHNSON, Social Worker for D.H.S.; SONIA LEE, Esquire;
ANGELA LIDDELL YANCY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-02612)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2015

Before:  FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 24, 2015)

_____

OPINION[*]

_____

PER CURIAM

Gerald Bush appeals from the District Court's order dismissing his amended complaint for failing to state a claim upon which relief could be granted. We will affirm the District Court's judgment.

I.

In June 2011, Gerald Bush filed a pro se civil rights action on behalf of himself, his daughter, and his granddaughter, against the Department of Human Services, the City of Philadelphia, Saint Vincent's "and staff," "Benten" (Ronnetta Benton,[1] a social worker involved in his case) and "Supervisor of Department of Human Services." The complaint primarily alleged a due process violation based on unconstitutional delay in receiving a post-deprivation hearing after Bush's minor daughter, Amirah, and her infant child were removed from his home. The complaint also alleged that the granddaughter sustained an injury at Saint Vincent's, the shelter where the two were placed after they were removed. The District Court dismissed the complaint without prejudice, noting that Bush could not represent his daughter and granddaughter. The Court eventually set a deadline of June 16, 2011, for Bush to file an amended complaint.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Appellee Benton notes that the correct spelling of her name is "Ronnetta Benton," Brief for the Municipal Appellees at 6 n.1, and we will use that spelling, although the name appears in the district court record with various spellings.

Bush filed an amended complaint in July 2011, which the District Court dismissed as untimely. On appeal, we concluded that the Court abused its discretion in dismissing the complaint, but that it did not abuse its discretion in denying Bush's many requests for appointment of counsel. Bush v. Dep't of Human Servs., 485 F. App'x 594, 597 (3d Cir. 2012). We also concluded that the District Court had properly dismissed any claims that Bush attempted to assert on behalf of his minor daughter and granddaughter. Id. n.5 (citing Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991)).[2] We thus affirmed in part, and vacated and remanded the case for further proceedings. Id. at 597.

On remand, Bush made several attempts to amend his complaint and added a number of defendants and claims. On November 20, 2013, the Court dismissed Bush's third amended complaint, and granted him one final opportunity to file an amended complaint. The Court then dismissed Bush's fourth amended complaint as to defendants Saint Vincent's Shelter, Mayor Michael Nutter, Commissioner Anne Marie Ambrose, the Philadelphia Police Department, the Department of Human Services, the City of Philadelphia, Sonia Lee, Angela Liddell Yancey,[3] Leo Carroll Fields, Thomas J. Feerick, and Craig B. Sokolow. The Court directed the complaint to be served on defendants

_____

[2] In his supplemental brief, Bush attempts to resurrect his claims brought on the behalf of his daughter and granddaughter. Our prior holding is the law of the case, and we see no reason to reconsider our decision that Bush may not assert claims for his minor daughters and granddaughter. See In re City of Phila. Litig., 158 F.3d 711, 717 (3d Cir. 1998) (panel generally will not reconsider questions decided by another panel on prior appeal of same case). Because Bush's only claims against Saint Vincent's Shelter involved injuries to his granddaughter, Saint Vincent's was properly dismissed.

[3] Yancey indicates that her name is misspelled as "Yancy" in the District Court record. Brief for the Municipal Appellees at 6 n.1.

Benton and Sharon Johnson. The Court later granted Benton and Johnson's motion to dismiss for failure to state a claim, and Bush timely appealed.

II.

To survive a motion to dismiss, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Our review of a decision dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is plenary, see Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008), and we may affirm the District Court's decision on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that Bush's claims fail because he has not met the pleading standard. First, to succeed with a § 1983 claim, a plaintiff must show, inter alia, that the defendant(s) acted under color of state law. See 42 U.S.C. § 1983; Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010). Bush named as defendants Feerick and Sokolow, attorneys who apparently represented him in matters concerning the custody of his daughters. The District Court correctly noted that even though Feerick was allegedly appointed by the state, he is not a "state actor" for purposes of § 1983.[4] Cf. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) (public defender exercising professional judgment in criminal proceeding is not acting

---

[4] It is not clear whether or when Sokolow was appointed to represent Bush, but in any event, there are no allegations that would allow a conclusion that he is a state actor.

under color of state law). Further, "[a]lthough a private party can be liable under § 1983 if he or she willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right," Max v. Republican Comm. of Lancaster Cnty., 587 F.3d 198, 203 (3d Cir. 2009), those circumstances are not present here. Accordingly, Bush's § 1983 claims against Feerick and Sokolow were properly dismissed for failure to state a claim upon which relief can be granted.[5]

Next, we agree with the District Court that Bush cannot succeed on his claims against the Philadelphia Police Department, the Department of Human Services, and the City of Philadelphia. A municipality or other local governing body cannot be held liable pursuant to a theory of respondeat superior in an action under § 1983. See Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995). Rather, the complaint must contain allegations that allow a court to draw an inference that the governing body had a policy, custom, or practice that led to the constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Bush's conclusory statement that "all of the Commonwealth defendants acted pursuant to an affirmative Pennsylvania state policy of purposeful refusal to compel DHS and Saint Vincent's to comply with reasonably safe child welfare practices" fails to adequately allege that these Defendants have adopted and maintained a policy, custom, or practice that resulted in a violation of his constitutional

---

[5] We agree with Feerick that Bush's complaint fails to include allegations supporting an attorney malpractice claim; rather, he raises only constitutional claims against Feerick (and Sokolow).

rights. See Groman, 47 F.3d at 637 (vague assertions of a policy not sufficient to impose liability under Monell).[6]

Bush's complaint also alleges that Mayor Nutter, Commissioner Ambrose, Sharon Johnson, Ronnetta Benton, Leo Carrol Fields, Sonia Lee, and Angela Yancey were all "directly involved in violating his 14th Amendment rights" to procedural and substantive due process by failing to keep his children safe in state custody, by failing to afford him a post-deprivation hearing within 72 hours, and by subjecting him to false evidence at a dependency hearing. We agree with the District Court that despite his conclusory statement that all of these defendants were "directly involved," the only allegations that come close to averring personal involvement are the procedural due process claims against Benton and Johnson. Thus, the claims against the other defendants were properly dismissed. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (to establish civil rights violation, defendant must have personal involvement in alleged wrongdoing). We turn next to the claims against Benton and Johnson.

III.

It is well settled that a parent has a liberty interest in the care and custody of his children. Doe ex rel. Doe v. Governor of N.J., 783 F.3d 150, 156 (3d Cir. 2015). Interference with that interest may implicate the parent's right to due process. B.S. v. Somerset Cnty., 704 F.3d 250, 271 (3d Cir. 2013). Due process requires, among other

---

[6] Although Bush's complaint contains other statements concerning the Monell requirement, the language quoted here is his clearest statement of any "policy." Further, it appears that these allegations relate to the alleged injuries to his daughter and/or granddaughter, rather than any injuries he experienced.

things, an opportunity for the parent to be heard at a meaningful time and in a meaningful manner after a child is removed from his home. Miller v. City of Phila., 174 F.3d 368, 373 (3d Cir. 1999) (citing Mathews v. Eldridge, 424 U.S. 319, 333 (1976)).

As for Benton and Johnson (both social workers with the Department of Human Services), Bush's complaint can be construed as alleging that they failed to hold a post-deprivation hearing within 72 hours,[7] introduced false testimony at a dependency hearing, and instigated an investigation concerning his other daughter, Niara, in retaliation for his filing a federal complaint. We hold that Benton and Johnson are absolutely immune with respect to the claim that they introduced false testimony at a dependency hearing. See B.S., 704 F.3d at 262, 265-66 (state child welfare caseworkers are "absolutely immun[e] . . . from liability with respect to their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings"; immunity includes formulation and presentation of recommendations to court) (internal quotation marks omitted). Similarly, they are absolutely immune from liability for a claim that they retaliated by initiating

---

[7] Pursuant to 42 Pa. Cons. Stat. Ann. § 6332(a):

> An informal hearing shall be held promptly by the court or master and not later than 72 hours after the child is placed in detention or shelter care to determine whether his detention or shelter care is required under section 6325 (relating to detention of child), [and] whether to allow the child to remain in the home would be contrary to the welfare of the child . . . . Reasonable notice thereof, either oral or written, stating the time, place, and purpose of the hearing shall be given to the child and if they can be found, to his parents, guardian, or other custodian.

The statute also provides that if the parent "has not been notified of the hearing, did not appear or waive appearance at the hearing, and files his affidavit showing these facts, the court or master shall rehear the matter without unnecessary delay . . . ." § 6332(b).

protective custody proceedings with regard to Niara.  See id.; cf. Light v. Haws, 472 F.3d 74, 80 (3d Cir. 2007) (prosecutor's motivations are irrelevant; as long as prosecutor acted with colorable authority, absolute immunity shields her performance); see also Hartman v. Moore, 547 U.S. 250, 262 (2006) (§ 1983 action for retaliatory prosecution cannot be brought against prosecutor, as prosecutor is absolutely immune from liability arising from decision to prosecute).

Bush's amended complaint also alleges that he did not receive a timely post-deprivation hearing when his daughter Amirah was removed from his home.  However, we agree with the District Court that the complaint contains insufficient facts to show that the social workers were responsible for scheduling such a hearing or notifying Bush of the hearing.  In other words, the complaint does not contain "factual content that allows the court to draw the reasonable inference that the [social workers are] liable for the misconduct alleged."  See Iqbal, 556 U.S. at 678.

We will thus affirm the judgment of the District Court, including its previous orders dismissing the claims against all other defendants.