CLD-160                                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3016
_____

GERALD BUSH,
                    Appellant

v.

DEPARTMENT OF HUMAN SERVICES; CITY OF PHILADELPHIA, ET. AL.;
MAYOR MICHAEL NUTTER; COMMISSIONER ANNA MARIE AMBROSE;
PHILADELPHIA POLICE DEPARTMENT;
LEO C. FIELDS, IV, Esq., (CHILD ADVOCATE);
RONITTA BENTON, (SOCIAL WORKER FOR D.H.S.);
THOMAS J. FEERICK, ESQUIRE; CRAIG B. SOKOLOW, ESQUIRE;
SHARON JOHNSON, (SOCIAL WORKER FOR D.H.S.);
SONIA LEE, ESQUIRE; ANGELA LIDDELL YANCY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-02612)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed : March 1, 2016)

_____

OPINION[*]

_____

PER CURIAM

Gerald Bush appeals from three orders of the United States District Court for the Eastern District of Pennsylvania. We will grant the Appellees' Motion for Summary Affirmance, as we agree that no substantial question is raised by Bush's appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6.

On June 24, 2015, we affirmed the District Court's dismissal of Bush's complaint for failing to state a claim upon which relief could be granted. See C.A. No. 14-4377. About a month later, Bush filed a motion in the District Court requesting permission to refile his complaint. When the District Court denied the motion, Bush filed a motion for reconsideration. The District Court denied that motion, and also denied Bush's subsequent motion for reconsideration. Bush appealed, and his appeal is timely as to each of the three orders he asks us to review. See Fed. R. App. P. 4.

On appeal, Bush argues primarily that he should be allowed to refile his complaint and relitigate the matter because he was not afforded discovery before the District Court dismissed the complaint. He argues that the Defendants were required to automatically disclose certain information to him, pursuant to Rule 26 of the Federal Rules of Civil Procedure.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

2

But as Appellees note, Bush was not entitled to discovery because he had not cured the legal insufficiency of his complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery."); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (facial challenges to legal sufficiency, such as motions to dismiss for failure to state a claim, should be resolved before discovery begins); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Fed. R. Civ. P.] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

In short, we have already reviewed and affirmed the District Court's dismissal of Bush's complaint. Bush's post-decision motion to refile, which could generously be construed as a motion to reopen, did not present any extraordinary circumstances that required the District Court to reopen proceedings. See Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311-12 (3d Cir. 1999) (Rule 60(b)(6) relief available only in extraordinary circumstances; Rule 60(b)(6) may not be used as substitute for appeal). We thus affirm the District Court's denial of that motion, and the denial of Bush's subsequent motions for reconsideration.[1]

---

constitute binding precedent.

[1] Bush's remaining motions in this Court are denied.