GLD-033                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3353
_____

IN RE: GERALD BUSH,
                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. Action No. 11-cv-02612)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 22, 2016

Before:   CHAGARES, GREEENAWAY, JR., and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 2, 2016)
_____

OPINION*
_____

PER CURIAM

    Gerald Bush, proceeding <u>pro</u> <u>se</u>, has filed a petition for a writ of mandamus

seeking review of an order of the United States District Court for the Eastern District of

Pennsylvania.  For the reasons that follow, we will deny the mandamus petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2011, Bush filed a civil rights action on behalf of himself, his minor daughter, and his granddaughter, against the Department of Human Services, the City of Philadelphia, and other defendants. Bush claimed, among other things, a due process violation based on a delay in receiving a post-deprivation hearing after his daughter and granddaughter were removed from his home. The District Court dismissed the complaint without prejudice, noting that Bush could not represent his daughter and granddaughter.

Bush filed an amended complaint, which the District Court dismissed as untimely. On appeal, we affirmed certain rulings but concluded that the District Court had erred in dismissing the complaint. We remanded the case for further proceedings. Bush v. Dep't of Human Servs., et al., 485 F. App'x 594, 597 (3d Cir. 2012) (per curiam) (non-precedential). On remand, Bush attempted to amend his complaint. Ultimately, his fourth amended complaint was dismissed for failure to state a claim upon which relief may be granted. We affirmed on appeal. Bush v. Dep't of Human Servs., et al., 614 F. App'x 616, 621 (3d Cir. 2015) (per curiam) (non-precedential).

Bush then filed a motion in District Court seeking to re-file his complaint. The District Court denied the motion and Bush's subsequent motions for reconsideration. We affirmed the denial of relief, noting that Bush had not shown any extraordinary circumstances that warranted reopening the judgment. Bush v. Dep't of Human Servs., et al., 642 F. App'x 84, 85 (3d Cir. 2016) (per curiam) (non-precedential).

While his appeal was pending, Bush filed a "Complaint and Law," which the District Court construed as a motion for sanctions. The District Court stated that Bush

2

claimed "non-discloser" under "28 U.S.C.A. 16" and "28 U.S.C.A. 26" and appeared to assert that the defendants had violated the rules of discovery in his prior proceedings. The District Court denied the motion. Bush filed an appeal, which is pending in this Court. See C.A. No. 16-2110.

In his present mandamus petition, Bush asks us to address the disclosure requirements of Federal Rule of Civil Procedure 26. He appears to assert in his petition and supplement thereto that the District Court erred in failing to distinguish between disclosure and discovery in denying his motion for sanctions.

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotations and citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable. Id. at 141.

Bush does not satisfy this standard. His mandamus petition attempts to raise a legal question related to the District Court's denial of his motion for sanctions. Because Bush may raise this question in his appeal of the District Court's order, he has other adequate means to attain the desired relief.

Accordingly, we will deny the petition for a writ of mandamus.

3