NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2110
_____

GERALD BUSH,
                        Appellant
v.

DEPARTMENT OF HUMAN SERVICES; CITY OF PHILADELPHIA;
SAINT VINCENT'S SHELTER; MAYOR MICHAEL NUTTER;
COMMISSIONER ANNE MARIE AMBROSE; PHILADELPHIA POLICE
DEPARTMENT; LEO CARROL FIELDS, CHILD ADVOCATE; RONITTA BENTON,
SOCIAL WORKER FOR D.H.S.; THOMAS J. FEERICK, ESQ.; CRAIG B.
SOKOLOW; SHARON JOHNSON,SOCIAL WORKER FOR D.H.S.;
SONIA LEE, ESQ.; ANGELA LIDDELL YANCY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-02612)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2017
_____

Before:  CHAGARES, VANASKIE, and FUENTES, *Circuit Judges*

(Opinion Filed: November 6, 2017)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

_____

VANASKIE, *Circuit Judge*.

Gerald Bush appeals the District Court's order denying three motions he filed after the dismissal of his fourth amended complaint—a "Complaint and Law," which the District Court construed as a motion for sanctions; a "Request for Appointment of Counsel and Information in Support of Document"; and a "Request Permission to File Interrogatories and Request Permission to File Laws in Support of Complaint with Exhibits." The District Court denied the motion for sanctions as both untimely and meritless. Because the motion for sanctions was without merit, the District Court denied Bush's other motions as well. On appeal, Bush contends that the District Court abused its discretion in denying his motion for sanctions and argues that he should be granted leave to further amend his complaint. For the following reasons, we will affirm the order of the District Court.

I.

In June 2011, Bush, proceeding *pro se*, filed a civil rights action on behalf of himself, his minor daughter, and his infant granddaughter alleging a due process violation based on an unconstitutional delay in receiving a post-deprivation hearing after the two girls were removed from his home. Bush subsequently filed an amended complaint which the District Court dismissed as untimely. We concluded that the District Court abused its discretion in dismissing the complaint, and remanded for further proceedings.

2

*Bush v. Dep't of Human Services*, 485 Fed. App'x 594, 595 (3d Cir. 2012) (per curiam) (*Bush I*). Bush then made several attempts to amend and added several new defendants and claims. The District Court ultimately dismissed, with prejudice, Bush's fourth amended complaint for failure to state a claim upon which relief could be granted, and we affirmed. *Bush v. Dep't of Human Services*, 614 Fed. App'x 616, 621 (3d Cir. 2015) (per curiam) (*Bush II*). Bush subsequently moved to refile his complaint, which the District Court denied. He then filed two motions for reconsideration that were denied. We affirmed all of these orders. *Bush v. Dep't of Human Services,* 642 Fed. App'x 84, 85 (3d Cir. 2016) (per curiam) (*Bush III*).

Several months after we affirmed the dismissal of his fourth amended complaint, Bush filed the motions at issue here. Interpreting Bush's "Complaint and Law" generously, the District Court construed it as a motion for sanctions for failure to disclose under Fed. R. Civ. P. 37(c).[1] The District Court first found that the motion was untimely, as the case had "long since been dismissed," and we had affirmed the dismissal. (App. 10.) The Court further concluded that, even had the motion been timely, sanctions were not warranted because the complaint had been dismissed before a Rule 16 conference had been held, and thus the defendants were not required to provide

---

[1] In granting Bush leave to file his fourth amended complaint, the District Court had required that he "seek leave of court before filing any further amendments." *Bush v. Dep't of Human Servs.*, No. 2:11-CV-2612, 2013 WL 6164072, at *4 (E.D. Pa. Nov. 20, 2013). While the "Complaint and Law" appears to be an additional complaint which Bush did not have leave to file, the District Court construed it as a motion for sanctions because Bush was proceeding *pro se*.

the disclosures requested. Because the underlying motion for sanctions lacked merit, the District Court also denied Bush's "Request for Appointment of Counsel and Information in Support of Document" and "Request Permission to File Interrogatories and Request Permission to File Laws in Support of Complaint with Exhibits." Bush filed this timely appeal.[2]

## II.

We review the denial of a motion for sanctions for abuse of discretion. *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 134 (3d Cir. 2009). To the extent that Bush also seeks Rule 60(b) relief, we review an order denying such relief for abuse of discretion as well. *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002).

## III.

Bush argues that the District Court abused its discretion in denying his motion for sanctions. He also contends that, because he is now represented by counsel, he should be able to amend his complaint. We discern no abuse of discretion in the District Court's decision and further conclude that Bush should not be given leave to file a fifth amended complaint.

Rule 37 provides that a court may impose appropriate sanctions on a party if that party fails to disclose or supplement information as required by Rule 26. *See* Fed R. Civ. P. 37(c). The District Court's denial of Bush's request for sanctions was proper for

---

[2] The District Court had jurisdiction over Bush's underlying action pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

several reasons.  First, Bush's motion was untimely, as it was filed almost two years after the District Court dismissed his fourth amended complaint.  Although Rule 37 does not establish a time limit for filing motions, an unreasonable delay may render such a motion untimely.  *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994).  While we have not prohibited the filing of Rule 37 motions after a judgment has been entered, a two-year delay is certainly unreasonable.  Bush's motion for sanctions was also meritless, as his complaint was dismissed before the parties had conducted a Rule 16 or a Rule 26 conference.  The defendants were therefore not required to make any initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(c) (requiring initial disclosures within 14 days of the parties' Rule 26(f) conference).  Finally, even if the motion had been timely and meritorious, Rule 37 would still not require the imposition of sanctions.  Rule 37 does not require sanctions if a failure to disclose was "substantially justified or . . . harmless."  Fed. R. Civ. P. 37(c)(1).  Because Bush's underlying claims lacked merit, the defendants' failure to make initial disclosures would have been excused under these exceptions.  The District Court therefore did not abuse its discretion in denying Bush's motion for sanctions.[3]  Nor did the District Court err in denying Bush's contingent motions for appointment of

---

[3] Indeed, we have already addressed this matter in Bush's appeal of the denial of his motion to refile his complaint and his motions for reconsideration.  As we explained in that case, "Bush was not entitled to discovery because he had not cured the legal insufficiency of his complaint."  *Bush III*, 642 Fed. App'x at 85 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)).

5

counsel and "Request Permission to File Interrogatories and Request Permission to File Laws in Support of Complaint with Exhibits."

Bush also asserts, arguably for the first time on appeal, that he should be given leave to further amend his complaint. Even if this argument has not been waived, it is untimely. We consider post-judgment motions to amend to have been filed as Rule 60(b) motions. *Ahmed*, 297 F.3d at 209. Rule 60(c)(1) requires a Rule 60(b) motion to be made "no more than a year after the entry of the judgment or order" and this "one year 'time limit is not extended by the maintenance of an appeal.'" Fed. R. Civ. P. 60(c)(1); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987) (quoting *Egger v. Phillips*, 710 F.2d 292, 329 (7th Cir. 1983)). The District Court dismissed Bush's fourth amended complaint with prejudice on January 6, 2014 and he did not file his "Complaint and Law" until November 13, 2015—almost two years later. Thus, his request to amend, viewed as a motion to reopen, is untimely.

IV.

For the foregoing reasons, we will affirm the order of the District Court entered April 22, 2016.